THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY HACKNEY, | CASE NO. C20-0972-JCC |
| Plaintiff, | ORDER |
| v. | |
| BOARD OF TRUSTEES OF THE LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS-EMPLOYERS CONSTRUCTION INDUSTRY RETIREMENT FUND, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's motion for summary judgment (Dkt. No. 5). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby DENIES the motion for the reasons explained herein.

I.  **BACKGROUND**

This case involves a dispute between a widow and plan trustees regarding survivor benefits payable to the widow under an ERISA-regulated retirement plan. In 2018, Plaintiff sought 50% survivor benefits following her husband's death. (Dkt. No. 5-1 at 24.) Shortly thereafter, Defendants, the plan administrators, notified Plaintiff that she was ineligible for those benefits because her husband, the plan participant, previously elected to receive a single life

annuity. (Dkt. No. 5-1 at 24–26.) On appeal, the plan administrator determined that Plaintiff's husband's election was invalid because he "misrepresented his marital status" and, as a result, Plaintiff was entitled to 50% of her husband's retirement benefit as a surviving spouse. (*Id.* at 64–67.) However, Defendants indicated they would offset the amount paid to Plaintiff by the excess payments[1] made to her husband, with interest. (*Id.* at 69.) Those amounts totaled $61,053.73 and $45,795.74, respectively. (*Id.* at 72.) This offset would delay the payment of monthly survivor benefit payments to Plaintiff until October 2025. (*Id.*)

Plaintiff filed suit pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Chapter 18. (Dkt. No. 1.) According to her complaint, Plaintiff seeks "recovery . . . of the benefits granted her by law and the Plan and clarifying her rights to future benefits pursuant to 29 U.S.C. section 1132(a)(1)(b)," an "award of equitable relief pursuant to 29 U.S.C. section 1132(a)(3) absolving her from liability for any overpayment to the decedent," and "an award of attorneys [sic] fees and costs pursuant to 29 U.S.C. section 1132(g)(1)." (*Id.* at 6.)

Plaintiff moved for summary judgment prior to the commencement of discovery. (Dkt. No. 5.) She asserts that the relevant facts are not in dispute and resolution of the matter turns on a simple question of law: whether Defendants breached their fiduciary duty by failing to require a spousal waiver, as required under ERISA, when they had information contradicting Plaintiff's husband's assertion that he was unmarried at the time of his election and, if so, whether Defendants' breach warrants equitable relief from this Court. (Dkt. No. 5 at 1–2.) Defendants oppose, arguing Plaintiff has not articulated a basis for relief and, even if she has, the equitable relief Plaintiff seeks requires discovery. (Dkt. No. 10 at 1–2.)

---

[1] The single life monthly annuity payments made to Plaintiff's husband were based on his actuarial life expectancy rather than his and Plaintiff's actuarial life expectancies—with her survivorship benefit limited to 50% of his benefit. (*See* Dkt. No. 5-1 at 71-73.) Accordingly, the monthly annuity payments that Plaintiff's husband received were higher than they would have otherwise been: $2,545.76 vs. $2,253.52. (*Id.*)

ORDER
C20-0972-JCC
PAGE - 2

## II.  DISCUSSION

### A.  Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). In deciding whether there is a genuine dispute of material fact, the court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Id.* at 255. The Court is therefore prohibited from weighing the evidence or resolving disputed issues in the moving party's favor. *Tolan v. Cotton*, 572 U.S. 650, 657 (2014).

"The moving party bears the initial burden of establishing the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "If a moving party fails to carry its initial burden of production, the nonmoving party has no obligation to produce anything, even if the nonmoving party would have the ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102–03 (9th Cir. 2000). But once the moving party properly supports its motion, the nonmoving party "must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

#### 1.  Standard of Review

Plaintiff seeks relief pursuant to 29 U.S.C. section 1132(a)(1)(B), which allows a beneficiary to bring a civil action to "recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the

terms of the plan." (*See* Dkt. No. 1 at 6.)[2] Therefore, the Court must look to the plan document to determine the standard of review. According to that document, Defendants have "the exclusive right to construe the provisions of the Plan and to determine any and all questions arising thereunder or in connection with the administration thereof." (Dkt. No. 12 at 94.) Correspondingly, the Court will apply an abuse of discretion standard to Plaintiff's motion for summary judgment. *See Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 110–11 (2008) (a claim by a party seeking relief under 29 U.S.C. section 1132(a)(1)(b) is to be reviewed for an abuse of discretion, so long as the plan affords a trustee such discretion); *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006) (similar holding). In light of Plaintiff's assertion that it is seeking relief solely under 29 U.S.C. section 1132(a)(1)(b), the Court is unpersuaded by Plaintiff's argument that a *de novo* standard applies in this case. (Dkt. No. 5 at 11.) *See Low-Iacovino v. Benefit Plan Comm. of Nonbargained Program of AT&T Pension Benefit Plan*, 2017 WL 6541772, slip op. at 3 (C.D. Cal. 2017).

Applying an abuse of discretion standard, the dispositive issue is whether it was reasonable for Defendants to determine that Plaintiff's survivor benefits are subject to recoupment of amounts already paid. *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 111 (1989) (applying a reasonableness calculus to an abuse of discretion review); *Salomaa v. Honda Long Term Disability Plan*, 642 F.3d 666, 675 (9th Cir. 2011) (same). A plan administrator's decision is unreasonable if it is "(1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts of the record." *Salomaa*, 642 F.3d at 676. If the Court is "left with a definite and firm conviction that [such] a mistake has been committed," it must find that the plan administrator abused its discretion. *Id.* at 676 (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009)). For example, "[a] plan administrator cannot

---

[2] Defendants suggest that Plaintiff's motion for summary judgment also seeks equitable relief afforded by 29 U.S.C. section 1132(a)(3). (Dkt. No. 10 at 16–22.) But Plaintiff makes clear in reply that her summary judgment motion is based solely on claims brought pursuant to section 1132(a)(1)(B). (Dkt. No. 13 at 2, 5.)

ignore obvious warning signs." *Low-Iacovino*, 2017 WL 6541772, slip op. at 5.

### B.       Defendants' Offset Determination

The parties direct the Court to *Hearn v. W. Conference of Teamsters Pension Tr. Fund*, 68 F.3d 301 (9th Cir. 1995), to determine whether Defendants' actions were reasonable. (*See* Dkt. Nos. 5 at 13–16; 10 at 11, 13–16) In *Hearn*, the plan administrator calculated and paid out a single life annuity on a plan participant's retirement benefit based on the participant's false assertion that he was single at the time he elected his payout. 68 F.3d at 303. Following the participant's death, his widow applied for survivor benefits. *Id.* The Court held that the widow was entitled to survivor benefits, after recoupment by the plan administrator for amounts already paid to the plan participant. *Id.* at 305–06.

Defendants believe this case falls squarely within *Hearn* and, therefore, it was reasonable to conclude that the result in the instant matter should be the same as *Hearn*: Plaintiff is entitled to a survivor benefit on her husband's retirement balance less amounts already paid, with interest. (Dkt. No. 10 at 13–16.) Plaintiff distinguishes the facts of *Hearn* with those here. (Dkt. No. 5 at 3.) In *Hearn*, the court found no fault on the part of the plan administrator. *See* 68 F.3d at 303 (no evidence that administrator's records contained contrary information). Whereas here, the plan administrator's records contained a beneficiary card completed by the participant in 1990 indicating that he was married to Plaintiff at the time, which contradicted his later assertion when electing benefits in 1998 that he and Plaintiff divorced in 1984. (*See* Dkt. No. 5-1 at 32, 36.) As a result, Plaintiff asserts Defendants acts were unreasonable and breached their fiduciary duty to Plaintiff. (Dkt. No. 13 at 2.) On this basis, Plaintiff alleges she is entitled to equitable relief, namely, an order from the Court precluding Defendants' offset. (Dkt. No. 13 at 2.) Moreover, Plaintiff asserts that this record is sufficient to demonstrate that Defendants breached their fiduciary duty to Plaintiff as a matter of law, thereby precluding the need for discovery in this matter. (Dkt. No. 13 at 3.)

Defendants assert that even though Plaintiff's husband listed Plaintiff as a spousal

ORDER
C20-0972-JCC
PAGE - 5

beneficiary as late as 1990, Defendants had no proof at the time that the marriage had occurred, and had reasonably doubted that it had. (Dkt. No. 10 at 14–15.) Fraudulent claims at the time were common and Plaintiff's husband had previously provided unreliable information regarding his marriage status. (Dkt. No. 11 at 5.) Defendants provide testimony that they requested documentation of the marriage at the time, such as a marriage license, Plaintiff's social security number, and Plaintiff's mailing address, but received nothing. (*Id.*) Viewing this information in a light most favorable to Defendants, as is required for the non-moving party, the Court concludes that disputed issues of material fact do exist, and on this basis summary judgment is premature.

To the extent Plaintiff seeks to show that Defendants breached their fiduciary duty, discovery is warranted to gather the evidence necessary to demonstrate what Defendants did, and did not know, at the time of Plaintiff's husband's election. *See Lombardo v. United Techs. Corp.*, 1997 WL 289669, slip op. at 7 (D. Conn 1997) (denying cross-motions for summary judgment in a comparable ERISA case when the court found that the record before it was inadequate to determine whether plan administrator acted arbitrarily and capriciously in denying spousal claim even though plan administrator was warned that husband intended to forge spousal waiver). The evidence contained in the record is simply insufficient for he Court to make a determination as a matter of law.

Therefore, the Court DENIES Plaintiff's motion for summary judgment. A separate entry will follow regarding the need for a joint status report from the parties to establish initial case management deadlines in this matter.

### III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion for summary judgment (Dkt. No. 5) is DENIED.

//

//

//

1     DATED this 14th day of October 2020.

*[Signature]*

John C. Coughenour
UNITED STATES DISTRICT JUDGE